UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

RICHARD V. PETIX,

    Plaintiff/Movant,

v.

THE UNITED STATES OF AMERICA,

    Defendant.



Case No. **25-CV-6205-MAV**

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY

Plaintiff/Movant, Richard Petix, proceeding pro se, respectfully moves this Court for an order granting leave to conduct limited, expedited discovery in connection with his Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). This discovery is necessary to resolve a critical factual dispute that is central to the Government's cross-motion to dismiss.

PRELIMINARY STATEMENT

The Government's entire jurisdictional defense to Plaintiff's Rule 41(g) motion rests on a single, unproven factual assertion: that it "liquidated the subject cryptocurrency" nearly a decade ago and, therefore, no longer possesses the property. The Government offers this claim "upon information and belief," without a single piece of supporting evidence—no agent declaration, no

1

chain-of-custody log, no financial records, and no copy of the "internal agency policy" it purports to have followed.

Plaintiff has presented credible, contrary evidence, in the form of a preliminary blockchain analysis, suggesting the 37 Bitcoin (BTC) were not lawfully liquidated but were instead moved to a commercial exchange in a manner consistent with conversion or theft. This creates a quintessential factual dispute that the Court cannot resolve on the pleadings alone.

Federal Rule of Criminal Procedure 41(g) explicitly states that the Court "must receive evidence on any factual issue necessary to decide the motion". Where, as here, the Government seeks to divest the Court of jurisdiction based on a contested factual claim that it alone has the power to substantiate, limited discovery is not only appropriate but essential to ensure a just and fair resolution.

ARGUMENT

I. Discovery is Necessary to Resolve the Dispositive Factual Dispute Created by the Government's Unsubstantiated Claims

The Government's cross-motion to dismiss for lack of subject matter jurisdiction is entirely dependent on its assertion that it no longer possesses the 37 BTC. It argues that under the doctrine of sovereign immunity, as interpreted in

Adeleke v. United States, 355 F.3d 144 (2d Cir. 2004), the Court cannot award monetary relief if the specific property is unavailable. However, the applicability of

Adeleke first requires a factual finding that the property is, in fact, no longer in the Government's possession and was disposed of lawfully. The Government cannot simply declare this to be true and thereby defeat jurisdiction.

Plaintiff has directly challenged the Government's narrative. The initial motion papers raise serious questions about the Government's handling of the property, including the failure of its agents to provide a receipt for the 37 BTC at the time of seizure and evidence suggesting the BTC was moved to a private Coinbase wallet. These are not speculative allegations; they are

2

specific factual claims supported by evidence that directly contradict the Government's unsworn assertion of a lawful liquidation.

Courts have recognized that where a movant raises a sufficient factual question regarding the disposition of their property, an evidentiary hearing and discovery are warranted. It would be fundamentally unfair to allow the Government to withhold all evidence regarding the property's fate and simultaneously argue that the Court lacks jurisdiction because the property is gone. The Government is the only party with access to the records that can confirm or deny its claim. Plaintiff must be given the opportunity to test the Government's assertion through the tool of discovery.

II. The Requested Discovery is Narrowly Tailored to the Jurisdictional and Merits-Based Issues

Plaintiff does not seek broad, burdensome discovery. The requested discovery is narrowly tailored to the single, dispositive issue of what happened to the 37 BTC after they were transferred to the Government's undercover agent on December 3, 2015. This information is directly relevant to the Government's defenses of sovereign immunity, derivative contraband, and unclean hands. Specifically, Plaintiff seeks to uncover whether the BTC was lawfully liquidated pursuant to a valid policy or unlawfully converted by government agents.

The seriousness of this factual dispute, which includes allegations of potential agent misconduct, compels the Court to look behind the Government's bare assertions. Granting this motion will allow Plaintiff to gather the evidence needed for the Court to fulfill its mandate under Rule 41(g) to resolve necessary factual issues and will either substantiate the Government's claim or expose it as a baseless assertion designed to evade accountability.

SPECIFIC DISCOVERY REQUESTED

Plaintiff respectfully requests that the Court order the Government to produce the following documents and information within 30 days:

A. Request for Production of Documents

Any and all chain-of-custody records, evidence logs, or similar documentation tracking the possession and location of the 37 BTC from December 3, 2015, to the present.

A complete and unredacted copy of the "internal agency policy" referenced in the Government's cross-motion to dismiss, which allegedly authorized the liquidation of the subject cryptocurrency.

Any and all records, logs, reports, or other documentation related to the alleged liquidation of the 37 BTC, including but not limited to:

a. The date and time of the liquidation;

b. The name of the exchange or platform used for the liquidation;

c. The amount of fiat currency received in exchange for the 37 BTC; and

d. The names of all agents or personnel who authorized or participated in the liquidation.

All financial records, including deposit confirmations, account statements, or transaction receipts, showing the disposition of the proceeds from the alleged liquidation and the specific government account into which they were deposited.

All communications (including emails, memoranda, or reports) between or among agents of Homeland Security Investigations (HSI), including Special Agents Glor and Nasca, and their supervisors regarding the seizure, custody, handling, and final disposition of the 37 BTC.

CONCLUSION

For the foregoing reasons, Plaintiff Richard Petix respectfully requests that this Court grant his Motion for Leave to Conduct Limited, Expedited Discovery and order the Government to produce the documents and records specified above.

Dated: July 8, 2025

Respectfully submitted,

4

/s/ Richard Petix

Richard Petix, Pro Se

73 Virginia Manor Rd.

Rochester, NY 14606

5

**Certificate Of Service**

I hereby certify that on this 8th day of July, 2025, a true and correct copy of the foregoing Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) was served upon the United States Attorney's Office for the Western District of New York via First Class Mail, postage prepaid, addressed to:

**United States Attorney's Office**

**Western District of New York**

138 Delaware Avenue

Buffalo, New York 14202

/s/ Richard Petix

73 Virginia Manor Rd.

Rochester, New York 14606