IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

RICHARD V. PETIX,

Plaintiff,

v.  25-CV-6205-MAV

UNITED STATES OF AMERICA,

Defendant.

**THE GOVERNMENT'S CONSOLIDATED REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY**

DATED: Buffalo, New York,
July 23, 2025

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:   s/MELANIE J. BAILEY
Assistant United States Attorney

s/JONATHAN W. FERRIS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

# TABLE OF CONTENTS

I.   PLAINTIFF'S CLAIM WAS BROUGHT OUTSIDE THE APPLICABLE STATUTE OF LIMITATIONS AND MUST THEREFORE BE DISMISSED AS UNTIMELY…………………………………………………………………………….5

II.  WHERE THE GOVERNMENT IS NO LONGER IN POSSESSION OF THE SUBJECT CRYPTOCURRENCY, THIS COURT LACKS SUBJECT MATTER JURISDICTION AND REQUIRES DISMISSAL……………………………………………..………8

III. THE COURT SHOULD FURTHER DISMISS THIS ACTION PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF DOES NOT STATE A VIABLE CAUSE OF ACTION……………………………………..…………………………………….…11

IV.  PLAINTIFF'S DISCOVERY REQUESTS ARE PREMATURE AND UNECESSARY……………………………………………………………………12

V.   CONCLUSION………………………………………..………………………………13

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Acheampong v. United States*, 2000 WL 1262908 (S.D.N.Y. 2000)……………………………..11, 12

*Adeleke v. United States*, 355 F.3d 144 (2d Cir. 2004)……………………………………..…8, 9, 10

*Adeyi v. United States*, 2008 U.S.Dist. LEXIS 86462 (E.D.N.Y. 2008)……………………….….10

*Aguilar v. United States,* 268 Fed. Appx. 88 (2d Cir. 2008)………………………………………..8,9

*Assil v. United States*, 2008 U.S. Dist. LEXIS 67461 (S.D.N.Y. August 26, 2008)………………….6

*Awan v. United States,* 2014 WL 1343129 (E.D.N.Y. March 31, 2014)………………………….…11

*Diaz v. United States*, 517 F.3d 608 (2d Cir. 2008)………………………………………….……..10

*Frith v. United States*, 268 F.R.D. 177 (S.D.N.Y. 2010)……………………………………………..6

*Kardoh v. United States,* 572 F.3d 697 (9th Cir. 2009)……………………………………….……...11

*Mantilla v. United States*, 302 F.3d 182 (3d Cir. 2002)……………………………………………..11

*Nowlin v. Doe*, 2012 U.S. Dist. LEXIS 68137 (W.D.N.Y. March 22, 2012)…………………..……8

*United States v. Farrell*, 606 F.2d 1341 (D.C. Dist. Ct. App. 1979)……………………………....12

*United States v. Kim*, 738 F. Supp. 1002 (E.D. Va. 1990)…………………………………….…… 11

*United States v. Romano*, 2014 U.S. Dist. LEXIS 150580 (E.D.N.Y. Oct. 23, 2014)……………..… 8

*United States v. Urbina*, 2010 WL 955290 (W.D. Mich. Mar. 15, 2010)……………………………..8

**Federal Statutes**

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………….…..9
Fed. R. Civ. P. 12(b)(6)……………………………………………………………………..…. 11, 12
Fed. R. Crim. P. 41(g). ……………………………………………………………….5, 8, 9, 11, 12
28 U.S.C.A. § 1346 (b) …………………………………………………………………………...9
28 U.S.C.A. § 2671…………………………………………………………………….…………9
28 U.S.C.A. § 2680……………………………………………………………………………..9,10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

RICHARD V. PETIX,

        Plaintiff,

    v.                                                                                           25-CV-6205-MAV

UNITED STATES OF AMERICA,

        Defendant.

### THE GOVERNMENT'S CONSOLIDATED REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY

The United States of America, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Melanie J. Bailey and Jonathan W. Ferris, Assistant United States Attorneys, of counsel ("government"), respectfully submits the following: (1) the government's reply in further support of its motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("dismissal motion"); and (2) the government's response to plaintiff's motion for limited, expedited discovery ("discovery motion").

The government submits that there are multiple reasons why this Court should grant the government's dismissal motion: (1) the plaintiff's action is untimely as it was not brought within the applicable statute of limitations; (2) the Court lacks subject matter jurisdiction because the subject cryptocurrency is no longer in the government's possession; and (3) the plaintiff fails to state a claim under Rule 12(b)(6) because he is not the rightful owner of the subject cryptocurrency.

As discussed in detail below, the Court should grant the government's motion to dismiss.

The Court should further deny the plaintiff's motion for discovery-either on the merits or as moot if the Court grants the government's Rule 12(b) motion-as both premature and unnecessary given that plaintiff's claim fails.

### I. THE PLAINTIFF'S CLAIM WAS BROUGHT OUTSIDE THE APPLICABLE STATUTE OF LIMITATIONS AND MUST THEREFORE BE DISMISSED AS UNTIMELY.

The plaintiff's prior Rule 41(g) motion acknowledged the applicable rule regarding the accrual date of his cause of action: absent equitable tolling, the "six-year federal statute under 28 U.S.C. § 2401(a) . . . should not begin to run, or should be tolled, **until the facts supporting the claim** . . . are known or reasonably discoverable by the Defendant." *See* ECF 3 (Plaintiff's Rule 41(g) motion) at *12 (emphasis added). In other words, a claim accrues when a plaintiff knows or should know the facts of their claim. Applying that rule here, plaintiff's claim accrued, on December 3, 2015, at the time of the voluntary transfer. Even giving the plaintiff the most generous possible interpretation of when he knew the facts supporting his claim, and thus an accrual date of his sentencing on November 1, 2017, his claim is still well outside of the six-year statute of limitations.

Whereas the plaintiff previously plead that equitable tolling saved his claims, in response to the government's motion to dismiss, the plaintiff now switches course and argues for the first time that the accrual date of his claim was April 16, 2019, when the Second Circuit issued its decision vacating the forfeiture money judgment in his appeal of his criminal case. However, this argument fails for numerous reasons. First, plaintiff knew of all the facts before his appeal. *See* No. 17-3774 (2d Cir. 2017), ECF 47 at *3-5 (statement of facts in Richard Petix's opening brief on appeal discussing in detail the transfer of the digital currency to an undercover agent). Second, as an appellate court bound by the factual record below, the Second Circuit did not make any new factual findings. Third, the fact that the Second Circuit vacated the judgment on the technicality of the district court's omission of failing to verbally announce the monetary amount of the money judgment at sentencing did not change that plaintiff already had full

5

knowledge of the facts supporting his claim. Fourth, as a practical matter, it is difficult to conceive how an action could ever accrue at the appellate level. Finally, plaintiff cites no legal authority for his position that his claim accrued after the Second Circuit's decision and does not refute the cases cited by the government that the accrual date is measured from the date of sentencing. *See Frith v. United States*, 268 F.R.D. 177, 181 (S.D.N.Y. 2010); *Assil v. United States*, 2008 U.S. Dist. LEXIS 67461 (S.D.N.Y. August 26, 2008). As a result, absent equitable tolling, plaintiff's claim is untimely and must be dismissed.

The plaintiff does not meet the high standard for equitable tolling. Plaintiff does not meet either of the two required elements on which he bears the burden: (1) his own diligence and (2) that some extraordinary circumstance stood in his way. First, as to due diligence, both the criminal proceedings and the appeal record are completely vacant of a request by plaintiff to the government for return of the subject cryptocurrency.

On appeal, the sole issue before the Second Circuit was a forfeiture money judgment, that was ultimately vacated, due to the district court's omission of pronouncing the exact monetary amount orally at sentencing. The forfeiture money judgment had nothing to do with the subject cryptocurrency. As noted in the government's motion for preliminary order of forfeiture, the government specifically left out the value of the subject cryptocurrency from amount of the forfeiture money judgment because "HSI received that transfer." (15-CR-227, ECF 73-1, 11- 12). Most notably, a forfeiture money judgment and the subject cryptocurrency are separate and distinct. A forfeiture money judgment is a court order for the defendant to pay a specific sum of money, equal to illegal gains obtained as part of a criminal case. The subject cryptocurrency is actual, albeit intangible, property.

The plaintiff was not resentenced after the Second Circuit's vacatur. The district court

amended the judgment and final order of forfeiture. Therefore, arguably, the criminal proceedings with respect to the subject cryptocurrency, closed on November 1, 2017.

The plaintiff's only argument as to diligence is that he corresponded with his appellate counsel in 2019 and 2020. This argument completely misses the mark as it fails to demonstrate how plaintiff (or his counsel) was diligent in pursuing his claims *in court,* something that his counsel in fact suggested.[1] In fact, it shows a distinct *lack* of diligence. The plaintiff acknowledges that he was aware of his claim when emailing his counsel beginning on July 23, 2019, yet he did not file this action until nearly six years later. ECF 6 at *6. Diligence requires actions, not talk, and plaintiff does not point to any actions he took until filing this action in April 2025.

In addition, does the plaintiff meet the second element required for equitable tolling, an extraordinary circumstance. The plaintiff had direct knowledge of the subject cryptocurrency's transfer out of his possession because a) he conducted the transfer on December 3, 2015, and b) he was arraigned in the resulting criminal case on December 4, 2015. Plaintiff's argument that he did not know of the "fraudulent concealment" of his cryptocurrency is belied by the correspondence he submits showing that he knew of the factual details of his claim. ECF 6 at *11 ("I was wondering if you could tell me what I would have to file in order to restore the 37 bitcoin"). For the plaintiff to argue that the government concealed the subject cryptocurrency by not providing a receipt is disingenuous. (And as discussed below in Point II below, the government, although not required, has provided the requested information).

Contrary to the plaintiff's further assertions, the plaintiff has failed to allege any facts that

---

[1] The email correspondence also seems to suggest that plaintiff has not reached out to his attorney about pursuing the cryptocurrency since approximately April 2020. Further, plaintiff's counsel suggested on February 10, 2020 that a motion should be filed in the district court if plaintiff wanted to pursue his claims—a step that was not taken until April 2025. ECF 6 at *10-11.

7

support coercive conduct during the actual transfer of the subject cryptocurrency.

For these reasons, the plaintiff's claim is time-barred, and this action should be dismissed on this basis alone.

    **II.    WHERE THE GOVERNMENT IS NO LONGER IN POSSESSION OF THE SUBJECT CRYPTOCURRENCY, THIS COURT LACKS SUBJECT MATTER JURISDICTION AND REQUIRES DISMISSAL.**

Plaintiff argues in his response papers that the government cannot rely on the *Adeleke* doctrine because *Adeleke* is limited to only situations in which property is destroyed by the unforeseen act of a third party. The plaintiff leaves out the three key words of the Second Circuit's *Adeleke* decision: "for whatever reason." *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) ("federal equitable jurisdiction to order the return of property pursuant to Rule 41(g) . . . does not permit courts to order the United States to pay money damages when, *for whatever reason*, property is not available for Rule 41(g) return.") (emphasis added). Here, given the instructions from the Second Circuit that the circumstances of the unavailable property do not matter, sovereign immunity bars this Court from ordering compensation for property that cannot be returned.

Contrary to the plaintiff's assertions, the holding in *Adeleke* is well-established and adopted by courts. *See Aguilar v. United States,* 268 Fed. Appx. 88 (2d Cir. 2008); *Prado v. United States*, 2023 U.S. Dist. LEXIS 117080 (S.D.N.Y. 2023); *United States v. Romano*, 2014 U.S. Dist. LEXIS 150580, at *2 (E.D.N.Y. Oct. 23, 2014); *Nowlin v. Doe*, 2012 U.S. Dist. LEXIS 68137 (W.D.N.Y. March 22, 2012). In fact, in a nearly analogous situation where an individual claimed that their property was wrongfully destroyed pursuant to departmental policy, the court found that the claim was barred by sovereign immunity. *United States v. Urbina*, 2010 WL 955290, at *1 (W.D. Mich. Mar. 15, 2010) (citing *Adeleke*, 355 F.3d at 151). Thus, *Adeleke's* holding is not

8

limited to situations in which there is unforeseen acts of third-parties and instead extends to "whatever reason[s]." *Adeleke*, 355 F.3d at 151.

Here, the government is no longer in possession of the subject cryptocurrency ––and has not been since December 2015. In support, the government attaches a Declaration of Supervisory Special Agent Keara Jamieson, HSI, along with supporting documentation ("Jamieson Declaration").[2] Notably, as explained in the Jamieson Declaration, given the volatile nature of the value of cryptocurrency, liquidation is completed by HSI nearly immediately, refuting plaintiff's baseless allegations of any potential malfeasance.

Furthermore, the plaintiff's own blockchain analysis, contrary to his arguments, also supports that the government is no longer in possession of the subject cryptocurrency. Therefore, because the cryptocurrency was liquidated, this Court lacks jurisdiction, and this action must be dismissed. *Aguilar v. United States,* 268 F.App'x 88, 90 (2d Cir. 2008) (affirming the district court's dismissal of a claim to recover property under Rule 41(g) because the court received a sworn affidavit from a government official indicating that it no longer had custody of plaintiff's property).

To briefly address the plaintiff's additional arguments, the law has established safeguards to guard against government misconduct. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") created an exception in the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§

---

[2] The affidavit is properly before the Court on this motion to dismiss. On a motion made pursuant to Rule 12(b)(1), the moving party may properly present evidence beyond the pleadings without converting the motion into one for summary judgment. *Robinson v. Gov't. of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) (court can consider external evidence on a motion made under Rule 12(b)(1)). "Indeed, courts 'must' consult factual submissions 'if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction.'" *Amendola v. Amendola*, 2025 U.S. Dist. LEXIS 6620, *8 (S.D.N.Y. Jan. 13, 2025) (quoting Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001)). Here, since the government is moving to dismiss for lack for subject matter jurisdiction under Rule 12(b)(1), the Court should consider this evidence.

1346 (b), 2671-2680, whereby it provides for waiver of sovereign immunity to permit claims against the United States for injury or loss of goods or property in law enforcement custody if the claimant can satisfy four conditions: (1) the property was seized for the purpose of forfeiture under any provision of federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a federal criminal forfeiture law." *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008).

      Here, the plaintiff has not plead a claim under the FTCA. Even if he did, his claim still fails to satisfy the conditions of § 2680(c) because: (1) and (2) the property was not seized or forfeited, and did not need to be, as it was transferred as part of an illegal transaction; (3) the plaintiff no longer holds a legal interest in the subject cryptocurrency; and (4) the plaintiff was convicted of the underlying criminal offense that resulted from the transfer. *See Adeleke v. United States*, 355 F.3d at 153-54 (holding that amendments made by CAFRA to the FTCA that waive the government's sovereign immunity from lawsuits based on the negligent loss of property seized for forfeiture do not apply to a person who has been convicted of the underlying criminal offense); *Diaz*, 517 F.3d at 612; *Adeyi v. United States*, 2008 U.S.Dist. LEXIS 86462 (E.D.N.Y. 2008). Further, as discussed in the government's opening brief, the FTCA claim further fails as plaintiff did not exhaust his administrative remedies prior to filing this action within the requisite statute of limitations. *See* ECF 4 at 19 n. 5.

      Accordingly, this Court must dismiss the action as the Court lacks subject matter jurisdiction.

### III. THE COURT SHOULD FURTHER DISMISS THIS ACTION PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF DOES NOT STATE A VIABLE CAUSE OF ACTION UNDER RULE 41(g)

The government submits that even in the event the government's motion to dismiss is not granted on statute of limitations and/or sovereign immunity grounds, plaintiff's action must alternatively be dismissed on the grounds that it fails to state a claim upon which relief can be granted. Here, plaintiff cannot prevail on the underlying Rule 41(g) motion because plaintiff is no longer the rightful owner of the subject cryptocurrency, and the transfer of the subject cryptocurrency formed the basis for plaintiff's criminal conviction. As plaintiff fails to state a claim upon relief can be granted, dismissal is warranted under Rule 12(b)(6).

To prevail under Rule 41(g), the plaintiff must demonstrate that: (1) he is entitled to lawful possession of the subject cryptocurrency, (2) the subject cryptocurrency is not contraband, and (3) the seizure of the subject cryptocurrency was illegal or that the government's need for the property has ended. *See Awan v. United States,* 2014 WL 1343129 (E.D.N.Y. 2014).

The first prong fails because the moment plaintiff transferred the subject cryptocurrency to the government, by way of an undercover agent, as part of an illegal transaction, he was no longer the owner of, or entitled to lawful possession of, the subject cryptocurrency. *See Acheampong v. United States*, 2000 WL 1262908, *5 (S.D.N.Y. 2000) (citing sting money, like bribe money, belongs to the government, which is entitled to keep it without having to institute formal forfeiture proceedings); *Kardoh v. United States,* 572 F.3d 697, 701 (9th Cir. 2009); *Mantilla v. United States*, 302 F.3d 182, 187 (3d Cir. 2002); *United States v. Kim*, 738 F. Supp. 1002, 1004-05 (E.D. Va. 1990).

The second prong fails because the plaintiff, who was ultimately convicted for transferring the subject cryptocurrency as part of an unlicensed money transmitting business, cannot

thereafter use Rule 41(g) to "obtain property he voluntarily surrendered" while violating the law. *See Acheampong,* 2000 U.S. Dist. LEXIS 12775 at *14, quoting *United States v. Farrell*, 606 F.2d 1341,1350 (D.C. Dist. Ct. App. 1979) ("It is contrary to public policy to permit the courts to be used by the defendant to obtain the property he voluntarily surrendered as part of his attempt to violate the law").

The third prong fails because the plaintiff ownership of the subject cryptocurrency to the government and it was thus never seized.

Therefore, the plaintiff cannot state a valid cause of action under Rule 41(g) because plaintiff is no longer the rightful owner of the subject cryptocurrency, and the transfer of the subject cryptocurrency formed the basis for plaintiff's criminal conviction. This Court should therefore also dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

### IV. THE PLAINTIFF'S DISCOVERY REQUESTS ARE PREMATURE AND UNECESSARY.

The plaintiff seeks the extraordinary relief of "limited" discovery and an evidentiary hearing before the Court makes a ruling on the pending Rule 41(g) and dismissal motions. This runs contrary to the traditional notions of judicial efficiency and economy where discovery occurs only after a court has ruled on a dispositive motion and the defendants has answered the complaint. Indeed, as dismissal of this action is highly likely given the government's arguments raised above, conducting discovery (including plaintiff's request for a burdensome evidentiary hearing made in his Rule 41(g) motion) would be a waste of this Court's precious time and resources. At the very least, the Court should stay discovery until the Court rules on the pending motions and defendant answers the complaint.

That said, the government submits that. he attached Jamieson Declaration provides a clear understanding of how the bitcoins were liquidated in accordance with HSI

policy/procedures. The government submits that the Jamieson Declaration, and its attachments, provide the necessary information that plaintiff and the Court needs to decide on the pending motions, rendering plaintiff's motion as moot. The Jamieson Declaration addresses nearly all of the discovery that the plaintiff seeks in his motion, such as chain of custody records, evidence logs, records of the cryptocurrency liquidation, financial records, and screenshots of the transfers. The government has voluntarily provided the information

For these reasons, the plaintiff's discovery motion should be denied as either premature or moot.

## V. CONCLUSION

Based upon the foregoing, the government's motion to dismiss should be granted and the plaintiff's motion for discovery should be denied.

DATED: July 23, 2025.

                                        Respectfully submitted,

                                        MICHAEL DIGIACOMO
                                        United States Attorney

BY:    s/MELANIE J. BAILEY
           Assistant United States Attorney

           s/JONATHAN W. FERRIS
           Assistant United States Attorney
           United States Attorney's Office
           Western District of New York
           138 Delaware Avenue
           Buffalo, New York 14202

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

RICHARD V. PETIX,

                Plaintiff,

    v.                                                                 25-CV-6205-MAV

UNITED STATES OF AMERICA,

                Defendant.

---

### CERTIFICATE OF SERVICE

      I hereby certify that on July 23, 2025, I mailed the foregoing, along with copies of unpublished cases cited in the government's filing, via certified mail through the United States Postal Service, to the following individual:

Richard V. Petix
73 Virginia Manor Road
Rochester, New York 14606


s/STEPHANIE CHAPMAN
United States Attorney's Office
100 State Street
Rochester, New York 14614

14