UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD V. PETIX,

Plaintiff,

25-CV-6205 (MAV)

-vs-

THE UNITED STATES OF AMERICA,

Defendant.

AMENDED DECISION & ORDER

## INTRODUCTION

Before the Court are several motions, including Plaintiff Richard V. Petix's motion for the return of property, ECF No. 1, and amended motion for the return of property, ECF No. 3. Defendant United States of America has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), ECF No. 4, to which Plaintiff responded, ECF No. 6. Plaintiff also filed a motion for leave to conduct limited discovery relating to the arguments made in the motion dismiss, ECF No. 5. Defendant filed a joint response to the motion for leave to conduct discovery and reply in further support of the motion to dismiss. ECF No. 9.

Plaintiff did not pay the filing fee in this action but applied for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court has reviewed Plaintiff's motion and supporting affirmation as required under 28 U.S.C. §1915(a), and finds that Plaintiff has met the statutory requirements. Accordingly, Plaintiff's request to proceed as a poor person is hereby granted.

For the following reasons, Plaintiff's motion for the return of property (ECF No. 1) is construed as a civil complaint; Plaintiff's amended motion for the return of

property (ECF No. 3) is construed as an amended civil complaint; Plaintiff's motion to conduct discovery (ECF No. 5) is denied as moot; and Defendant's motion to dismiss (ECF No. 4) is granted. Plaintiff's case is hereby dismissed without prejudice.

## BACKGROUND

On December 3, 2015, Plaintiff transferred 37 bitcoin to an undercover agent as part of an illegal transaction, was prosecuted, and pleaded guilty to operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960 and to making a material false statement and representation to the probation office in violation of 18 U.S.C. § 1001(a)(2).[1] ECF Nos. 1 at 1; 4 at 7–10. The government moved for an order of forfeiture, which included a cell phone, laptop, thumb drives, and a money judgment. ECF No. 4 at 10. Plaintiff was sentenced to time served and supervised release, and the Court issued a final judgment on November 6, 2017. ECF No. 4 at 10–11; *see* 15-CR-227, ECF No. 104.

Plaintiff appealed the portion of the forfeiture order involving the monetary judgment because the Court had not orally pronounced it during sentencing. ECF No. 4 at 11. The Second Circuit remanded and the Court issued an amended judgment and forfeiture order in April 2019, removing the monetary judgment. *United States v. Petix*, 767 F. App'x 119, 120 (2d Cir. 2019); ECF No. 4 at 11.

On April 14, 2025, Plaintiff filed a motion under Federal Rule of Criminal Procedure 41(g) *pro se* for the return of the 37 bitcoin. ECF No. 1. He filed an accompanying motion for IFP status, ECF No. 2, and an amended motion under Rule

---

[1] At the time of the transaction, Plaintiff was on probation and had inaccurately told the probation office that he did not own or have access to a smartphone or laptop. ECF No. 4 at 8–10.

41(g), ECF No. 3.

Defendant filed a motion to dismiss on June 26, 2025. ECF No. 4. Plaintiff filed a motion for leave to conduct limited, expedited discovery related to what Defendant did with the bitcoin after Plaintiff transferred it to the agent. ECF No. 5. Plaintiff also filed an opposition to the motion to dismiss. ECF No. 6. Defendant filed a response in opposition to the motion for discovery and a reply in further support of the motion to dismiss on July 23, 2025. ECF No. 9

The motions are now before the Court.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006).

A party can file a motion under Federal Rule of Civil Procedure 12(b)(1) to seek dismissal for a "lack of subject-matter jurisdiction." A motion under Rule 12(b)(6) seeks dismissal for the "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the Court "accept[s] all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## DISCUSSION

### 1. Plaintiff's Motions for the Return of Property

Plaintiff initiated this case by filing a motion under Federal Rule of Criminal Procedure 41(g). ECF No. 1. He then filed an amended motion under Rule 41(g). ECF No. 3. Defendant contended in its motion to dismiss that Plaintiff's motions should be treated as a civil complaint and amended civil complaint, respectively. ECF No. 4 at 2 n. 1, 13. The Court agrees.

"[I]f a Rule 41(g) motion is 'made after the termination of criminal proceedings against the defendant,' we treat it 'as a civil complaint for equitable relief.'" *Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (quoting *Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (*per curiam*)); *see, e.g.*, *Adeleke v. United States*, 355 F.3d 144, 146–47 (2d Cir. 2004) (construing a motion brought under Rule 41(g) as a civil action in equity where "no criminal proceedings were then pending against" the plaintiff).

Here, Plaintiff's criminal case has concluded. *See* ECF No. 4 at 10–11; 15-CR-227. As such, the Court construes Plaintiff's motion for return of property (ECF No. 1) as a civil complaint, and construes his amended motion for return of property (ECF No. 3) as an amended civil complaint.

### 2. Defendant's Motion to Dismiss

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) alleging that Plaintiff's case is barred by the applicable six-year statute of limitations, that the Court lacks subject matter jurisdiction over the case, and that Plaintiff has not stated a claim because he is not entitled to lawful possession

of the bitcoin and cannot show that the bitcoin is not contraband or that the government unlawfully seized it. ECF No. 4 at 13–25.

The Court begins with a discussion of its jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998) (noting the "requirement that jurisdiction be established as a threshold matter").

**A. The Court lacks subject matter jurisdiction.**

Defendant argues that it no longer has the bitcoin, and that "sovereign immunity bars a federal court from ordering the United States to compensate for property that cannot be returned pursuant to Rule 41(g)." ECF No. 4 at 20 (quoting *Adeleke*, 355 F.3d at 150). Plaintiff responds that *Adeleke* is not applicable because there, the property was destroyed by no fault of the government, whereas here, the government chose to liquidate the bitcoin. ECF No. 6 at 7. Plaintiff notes that Defendant has not provided any evidence that the bitcoin was liquidated and requests an evidentiary hearing on "the disposition of the 37 BTC." ECF no. 6 at 7–8. In reply, Defendant attaches a declaration of Special Agent Keara Jamieson, who states that the bitcoin at issue was liquidated "pursuant to policy." ECF No. 9-1 at 1–3.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[T]he principle of sovereign immunity . . . absent a waiver, shields the federal government and its agencies from suit." *Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008).

The United States has waived sovereign immunity for the return of property

under Federal Rule of Criminal Procedure 41(g), but not for related money damages. *See Adeleke*, 355 F.3d at 151 ("Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property."). As such, "if the property is no longer available, sovereign immunity bars the claimant from seeking compensation." *Diaz*, 517 F.3d at 612.

Plaintiff argues that the reason the property is no longer available affects the determination of sovereign immunity. ECF No. 6 at 7. The Court disagrees. The Second Circuit has "clarif[ied] that such equitable jurisdiction [to order return of property under Rule 41(g)] does not permit courts to order the United States to pay money damages when, *for whatever reason*, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." *Adeleke*, 355 F.3d at 151 (emphasis added); *see, e.g.*, *Aguilar v. United States*, 268 F. App'x 88, 90 (2d Cir. 2008) ("Sovereign immunity deprive[d] the district court of subject matter jurisdiction over th[e] claim" regarding "property that was lost or destroyed by the Government").

The Court further concludes that an evidentiary hearing regarding the transfer history of the bitcoin is unnecessary in light of the submissions in Defendant's reply, which include a declaration from a special agent and screenshots of the bitcoin transaction. *See* ECF No. 9-1 at 1–12. The Court appropriately considers such evidence because "'[a] district court may consult evidence to decide a Rule 12(b)(1) motion . . . [and] must do so if resolution of a proffered factual issue may

result in the dismissal of the complaint for want of jurisdiction.'" *Blecher v. Holy See*, 146 F.4th 206, 216 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 1848 (2026) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir. 2001)); *see, e.g.*, *Aguilar*, 268 F. App'x at 90 (considering an affidavit from a government official stating that the government no longer had custody of the property). Of note, Plaintiff does not contend that the government still possesses the bitcoin, and instead alleges that "the 37 BTC were moved to a commercial Coinbase wallet and broken into smaller increments." ECF No. 6 at 6. As such, even under Plaintiff's version of events, the government no longer possesses the 37 bitcoin.

Because the Court lacks subject matter jurisdiction,[2] Plaintiff's claim is dismissed.

**B. Plaintiff's case is time-barred in any event.**

Even if the Court has subject matter jurisdiction over this case, dismissal is still appropriate because Plaintiff's claim is time-barred.

Defendant argues that Plaintiff waited 10 years after transferring the bitcoin and eight years after he was sentenced in his criminal case to bring this action, so his claim is time-barred. ECF No. 4 at 13–14. Plaintiff agrees that a six-year statute of limitations applies, but argues that the accrual date is the date of the amended final order of forfeiture, April 29, 2019. ECF No. 6 at 5. In the alternative, Plaintiff argues that equitable tolling should apply "due to the Government's fraudulent concealment of the property's disposition." ECF No. 6 at 5. In reply, Defendant argues that

[2] Plaintiff does not raise a claim under the Federal Tort Claims Act, but even if he had, the Court would still lack jurisdiction. *See Bertin*, 478 F.3d at 492.

Plaintiff knew all the facts regarding the bitcoin before his appeal on the forfeiture issue, which involved "a forfeiture money judgment" that was "separate and distinct" from the bitcoin. ECF No. 9 at 6–7. Defendant further argues that Plaintiff has not pleaded facts to support an equitable tolling argument. ECF No. 9 at 7–9.

Where, as here, a Rule 41(g) motion is filed after the criminal proceedings have concluded, "the six-year catch-all statute of limitations for civil actions against the federal government is applied." *Bertin*, 478 F.3d at 492–93 (citing 28 U.S.C. § 2401(a)). "[T]he cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." *Id.* at 493.

Here, Plaintiff's criminal proceeding relating to the bitcoin ended on the day of judgment, November 6, 2017. ECF No. 4 at 10; *see* 15-CR-227, ECF No. 104. He therefore had until November 6, 2023 to seek return of the bitcoin under Rule 41(g). Plaintiff initiated this case by motion on April 14, 2025, over a year past the expiration of the applicable statute of limitations.

The Court disagrees with Plaintiff that the accrual date in this case is the date of the amended forfeiture order. Where there is no related criminal proceeding, a cause of action under Rule 41(g) accrues "(i) at the conclusion of a civil forfeiture proceeding, or (ii) if no civil forfeiture proceeding was conducted, at the end of the five-year limitations period during which the government is permitted to bring a civil forfeiture action." *Bertin*, 478 F.3d at 493 (citing *Polanco v. United States Drug Enf't Admin.*, 158 F.3d 647, 654 (1998)). Here, however, Plaintiff had a criminal

proceeding, and knew that the forfeiture order that was a part of his criminal case did not include the bitcoin. Indeed, Plaintiff acknowledges that "the Government explicitly excluded the 37 BTC from forfeiture." ECF No. 6 at 5.[3]

As such, when the Court issued its initial forfeiture order in the criminal case on November 3, 2017, *see* ECF No. 4 at 11, Plaintiff "was aware . . . of the seized items that were not forfeited, and could have asserted at that point his right to return of those items." *Santiago-Lugo v. United States*, 538 F.3d 23, 25 (1st Cir. 2008); *cf. Bertin*, 478 F.3d at 493–95 (noting that where there is no criminal proceeding, a claimant "cannot be expected to know the government's intentions"). It was not necessary for Plaintiff to wait until his appeal of the forfeiture order was concluded because the appeal was limited to "the Court-imposed monetary judgment of $189,862.96." ECF No. 4 at 11. There was no possibility that the appeal could have added the bitcoin to the forfeiture order.

In sum, the Court finds that Plaintiff's claim accrued when the criminal proceeding ended on November 1, 2017. Plaintiff's claim is time-barred.

Additionally, Plaintiff fails to adequately plead equitable tolling. *See Assil v. United States*, No. 07 CIV. 11037 (DAB), 2008 WL 4104026, at *6 (S.D.N.Y. Aug. 26, 2008). "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Id.* "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[3] Defendant explains that the bitcoin "was not forfeited because it was deemed voluntarily transferred to the undercover agent as part of the investigation." ECF No. 4 at 9.

stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Plaintiff contends that he was reasonably diligent because he emailed his attorney about recovering the bitcoin. ECF No. 6 at 6. He attaches emails from 2019 and 2020 which show that his attorney for the criminal appeal raised the possibility of filing a motion to attempt to recover the bitcoin. ECF No. 6 at 10–11. Plaintiff followed up once in 2020. ECF No. 6 at 10. As such, Plaintiff knew that he could file a motion in 2020, and does not provide a reason why he waited to do so until 2025. Plaintiff has not pleaded that he had been pursuing his rights diligently, so he cannot establish equitable tolling. The Court need not address the additional requirement to show extraordinary circumstances, but notes that Plaintiff's allegations of "active and fraudulent concealment of the property's disposition," ECF No. 6 at 6, even if accepted as true, does not affect Plaintiff's knowledge that the bitcoin was not forfeited or returned to him.

In sum, Plaintiff's claim is barred by the applicable six-year statute of limitations, and Plaintiff has not pleaded the possibility that equitable tolling could apply. As such, if this Court has jurisdiction over this action, it is dismissed as time-barred.

**3. Plaintiff's Motion for Limited Discovery**

In light of the Court's conclusion that Plaintiff's action should be dismissed for a lack of subject matter jurisdiction, Plaintiff's motion for limited discovery regarding the transfer history of the bitcoin is denied as moot.

## CONCLUSION

Upon careful consideration of the motions and responses thereto, the Court construes Plaintiff's motions under Rule 41(g) as a civil complaint in equity and an amended civil complaint in equity, as his related criminal case has concluded. The Court further grants Plaintiff's motion for IFP status for purposes of this Decision and Order. The Court grants Defendant's motion to dismiss and dismisses Plaintiff's case because the Court lacks subject matter jurisdiction over the action. Finally, the Court denies Plaintiff's motion for discovery as moot.

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend."). Here, because the Court has found that it is without subject matter jurisdiction, amendment would be futile. Nevertheless, "[w]hen subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss the case with prejudice.' " *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021)

(quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016)). Therefore the matter must be dismissed without prejudice, but without leave to amend.

Therefore, for the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion for the return of property (ECF No. 1) is CONSTRUED as a civil complaint; and it is further ORDERED that Plaintiff's amended motion for the return of property (ECF No. 3) is CONSTRUED as an amended civil complaint; and it is further ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED; and it is further ORDERED that Plaintiff's motion to conduct discovery (ECF No. 5) is DENIED AS MOOT; and it is further ORDERED that Defendant's motion to dismiss (ECF No. 4) is GRANTED. The Clerk of Court is directed to vacate the original judgment [ECF No. 12], and enter judgment that the matter is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 2, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge